UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN MEARS,

    Plaintiff,

vs.                           CASE NO.:

J & L ELECTRIC GROUP, LLC, a
Florida Limited Liability Company, and
JAMES LAVENDER, Individually,

    Defendants.          /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIAN MEARS, by and through the undersigned attorney, sues the Defendants, J & L ELECTRIC GROUP, LLC, a Florida Limited Liability Company, and JAMES LAVENDER, Individually, and alleges:

1. Plaintiff, BRIAN MEARS, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, BRIAN MEARS was an employee who worked at Defendants' property within the last three years in Volusia County, Florida.

3. Plaintiff, BRIAN MEARS, worked for Defendants as an hourly paid employee at an hourly rate of $21.00 per hour.

4. Plaintiff, BRIAN MEARS, worked as a laborer for Defendants.

5. At all times material to this cause of action, Plaintiff, BRIAN MEARS, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

1

6. Defendant, J & L ELECTRIC GROUP, LLC, is a Florida Limited Liability Company that operates and conducts business in Volusia County, Florida and is therefore, within the jurisdiction of this Court.

7. According to Florida's Division of Corporations, J & L ELECTRIC GROUP, LLC lists its principal address as 550 County Road 305, Seville, Florida 32190.

8. Defendant, J & L ELECTRIC GROUP, LLC, operates providing electrical and electrician services to its customers.

9. At all times relevant to this action, JAMES LAVENDER was an individual resident of the State of Florida, who owned and operated J & L ELECTRIC GROUP, LLC, and who regularly exercised the authority to: (a) hire and fire employees of J & L ELECTRIC GROUP, LLC; (b) determine the work schedules for the employees of J & L ELECTRIC GROUP, LLC, and (c) control the finances and operations of J & L ELECTRIC GROUP, LLC. By virtue of having regularly exercised that authority on behalf of J & L ELECTRIC GROUP, LLC, JAMES LAVENDER is/was an employer as defined by 29 U.S.C. § 201, et seq.

10. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

12. During Plaintiff's employment with Defendants, Defendant, J & L ELECTRIC GROUP, LLC, earned more than $500,000.00 per year in gross sales.

13. Defendant, J & L ELECTRIC GROUP, LLC, employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

14. During Plaintiff's employment, Defendant, J & L ELECTRIC GROUP, LLC,

employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as electrical wire, electrical conduit, conduit benders, electrical meters, drills, saws, pvc piping, and other tools/materials used to run the business.

15. Therefore, at all material times relevant to this action, Defendant, J & L ELECTRIC GROUP, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

16. Additionally, Plaintiff, BRIAN MEARS, is individually covered under the FLSA.

### FLSA Violations

17. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

18. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

19. Specifically, Plaintiff's paycheck would routinely reflect Plaintiff worked more than forty (40) hours per week however those hours would be paid at his regular hourly rate.

20. Defendants had a policy and practice of compensating drive time at the regular rate without respect to whether Plaintiff worked in excess of forty (40) hours for the workweek.

21. Plaintiff is entitled to full time and one half compensation for all hours worked in excess of forty (40) per week.

22. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

23. Upon information and belief, the records, to the extent any exist, concerning the

number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

24. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23 above as though stated fully herein.

25. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

26. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

27. Plaintiff was routinely paid his regular rate ($21.00/Hour) for hours worked in excess of forty (40) during the workweek.

28. Defendants have failed provide accurate overtime compensation for numerous pay periods.

29. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

30. In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

31. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

32. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

33.   Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRIAN MEARS demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this ____10____ day of July, 2019

_____
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
Orlando, FL 32801
P.O. Box 530244
Atlanta, GA 30353-0244
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff

5