# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRIAN MEARS,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:19-cv-1274-Orl-40LRH**

**J & L ELECTRICAL GROUP, LLC and
JAMES LAVENDER,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. 14)**
>
> **FILED:**　　October 21, 2019
>
> **THEREON** it is respectfully **RECOMMENDED** that the motion be **GRANTED**.

**I.　Background**

The Plaintiff filed this action against the Defendants, his former employers, alleging that they failed to pay him all the overtime wages he was owed in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207 (Count I).   (Doc. 1).

Prior to the Defendants filing an answer and affirmative defenses and the entry of an FLSA Scheduling Order, the Plaintiff filed a notice of settlement.   (Doc. 12).   The parties now move to approve their settlement agreement (Agreement), which they have attached to their joint motion.

(Docs. 14 (Motion); 14-1). Under the Agreement, the Plaintiff will receive $4,835.25 in unpaid wages, $1,164.75 in liquidated damages, and $4,500.00 in attorney fees and costs in exchange for releasing all wage related claims that he may have against the Defendants. (Doc. 14-1 at ¶¶ 2-3). The parties assert that the Agreement represents a fair and reasonable resolution of the Plaintiff's FLSA claim and request that the Court grant the Motion and dismiss the case with prejudice. (Doc. 14 at 4).

## II.     Law

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1]  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

in favor of settlement.  *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3]  The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

**III.   Analysis**

   **A.  The Settlement Amount**

The Plaintiff alleges that he was entitled to and the Defendants failed to pay him time-and-a-half for all the overtime hours he worked.  (Doc. 1 at ¶¶ 25-26).  The Defendants deny all the allegations in the Complaint.  (Doc. 14-1 at 2).  Considering the parties' respective positions, this case involves a disputed issue of liability under the FLSA, creating a bona fide dispute under that statute.

The parties have been represented by counsel throughout this case.  The Defendants provided the Plaintiff with all his pay and time records and based on those records, the parties were

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

able to calculate the number of hours the Plaintiff worked for the Defendants with a "high degree of confidence." (Doc. 14 at 3). With this information, the parties engaged in settlement negotiations and reached an Agreement, by which the Plaintiff will receive $4,835.25 in unpaid wages, $1,164.75 in liquidated damages, and $4,500.00 in attorney fees and costs in exchange for releasing all wage related claims that he may have against the Defendants. (Doc. 14-1 at ¶¶ 2-3). The parties state that the Plaintiff is receiving all the unpaid wages he claims to be owed, and twenty-five percent of the liquidated damages he claims to be owed. (Doc. 14 at 3). The Plaintiff agreed to compromise his claim based on the records exchanged between the parties, the Defendants' affirmative defenses,[4] the "vagaries of trial," and the potential length of the litigation. (*Id*.). Considering the Plaintiff's reasons for agreeing to compromise and settle his FLSA claim, the undersigned finds the settlement to be fair and reasonable. Therefore, the undersigned respectfully recommends that the Court find the settlement is a fair and reasonable resolution of the Plaintiff's FLSA claim.

### B. The Other Terms of the Agreement

The Agreement contains a release provision in which the Plaintiff agrees to release the Defendants from:

> any and all wage claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with Defendants, known or unknown, including, but not limited to, any claims Plaintiff may have under the Fair Labor Standards Act ("FLSA"), the Florida minimum wage statute, and any and all other applicable state, federal, county, or local ordinances, statutes or regulations, including claims for attorneys' fees which relate to the payment of wages.

(Doc. 14-1 at ¶ 2). This release is sufficiently narrow to allay any concern that the Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to the FLSA wage claim he

---

[4] Although the Defendants did not file their affirmative defenses on the record, there is no dispute that the Defendants have affirmative defenses and that the Plaintiff is aware of and considered those defenses in determining whether to compromise his FLSA claim.

asserted in the Complaint. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012). Thus, the undersigned finds that the Agreement's release provision does not affect the fairness and reasonableness of the settlement. *See Thomas v. Dinner Club Foods, Inc.*, No. 6:18-cv-505-Orl-22DCI, 2018 WL 8608349, at *2 (M.D. Fla. Aug. 16, 2018) (finding release of "any and all wage related claims" was sufficiently narrow so as to not affect the fairness and reasonableness of the settlement of plaintiff's FLSA overtime claim) *report and recommendation adopted*, 2018 WL 8608350 (M.D. Fla. Sept. 19, 2018).

The Agreement does not contain any other provisions that are generally found to undermine the fairness and reasonableness of an FLSA settlement. (*See* Doc. 14-1). Thus, the undersigned respectfully recommends that the Court find that none of the other provisions of the Agreement affect the overall fairness and reasonableness of the settlement.

### C. Attorney Fees and Costs

The parties agreed that the Plaintiff's counsel will receive a total of $4,500.00 in attorney fees and cost. (Doc. 14-1 at 4). The parties state that "[t]he attorneys' fees and costs were negotiated separately from the settlement of the wage claims and did not bear any weight on the amounts received by Plaintiff." (Doc. 14 at 4). The settlement is reasonable to the extent previously discussed, and the parties' representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount the Plaintiff is receiving under the Agreement. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, pursuant to *Bonetti*, the undersigned respectfully recommends that the Court find that the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

**IV. Conclusion**

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 14) be **GRANTED**.

2. The Agreement (Doc. 14-1) be found to be a fair and reasonable settlement of the Plaintiff's FLSA claim.

3. The case be **DISMISSED WITH PREJUDICE**.

4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 18, 2019.

_____

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy